**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

| | |
|---|---|
| **THE UNIVERSITY OF MISSISSIPPI MEDICAL CENTER** | **PLAINTIFF** |
| **V.** | **CIVIL ACTION NO. 3:19-CV-459-CWR-LRA** |
| **SPENCER K. SULLIVAN, M.D.;** <br> **MISSISSIPPI CENTER FOR ADVANCED MEDICINE, P.C.;** <br> **LINNEA MCMILLAN;** <br> **KATHRYN SUE STEVENS; and** <br> **RACHEL HENDERSON HARRIS** | **DEFENDANTS** |

**ORDER**

Before the Court is the defendants' *Motion to Dismiss Or In The Alternative Stay*. Docket No. 12. The legal standards are familiar. *See Turnage v. Bailey*, No. 3:18-CV-818-CWR-FKB, 2020 WL 2736424, at *2 (S.D. Miss. May 26, 2020) (discussing standards for motion to dismiss); *Marble v. Sangalli Private Ventures, LLC*, No. 3:20-CV-36-CWR-FKB, 2020 WL 886944, at *1 (S.D. Miss. Feb. 24, 2020) (discussing standard for granting a stay under the *Colorado River* abstention doctrine). For the following reasons, the motion is denied.

The University of Mississippi Medical Center (UMMC) filed this complaint on June 28, 2019. It alleged, among other things, that the defendants violated the Computer Fraud and Abuse Act (CFAA), a statute which makes unlawful "intentionally access[ing] a computer without authorization or exceed[ing] authorized access, and thereby obtain[ing] information from any protected computer." 18 U.S.C. § 1030(a)(2)(C). To bring a claim under the CFAA, UMMC must show "not only that it suffered 'damage' or 'loss' by a defendant's alleged actions, but such damage or loss must meet the $5,000 statutory threshold set forth in 18 U.S.C. § 1030(c)(4)(A)(i)(I)." *New South Equip. Mats, LLC v. Keener*, 989 F. Supp. 2d 522, 531 (S.D. Miss. 2013) (citations omitted).

The defendants now contend that UMMC failed to allege the required loss and that the claims are time-barred. In the alternative, they argue that the Court should stay these claims under the *Colorado River* abstention doctrine given UMMC's ongoing lawsuit against them in the Circuit Court of Hinds County, Mississippi.

Loss under the CFAA encompasses two types of harm: (1) "any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense," and (2) "any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service." 18 U.S.C. § 1030(e)(11).

Here, the Complaint alleges that:

> UMMC has been required to spend substantial time and money to respond to, assess or otherwise address Defendants' access of UMMC's protected computers without authorization and/or in excess of authorized access. Such sums have greatly exceeded the statutory minimum of $5,000.00.

Docket No. 1 at 46. The complaint – along with the attached exhibits – shows that UMMC had to unearth hundreds of pages of emails, including reviewing metadata to determine the sources of certain documents. Accordingly, UMMC has sufficiently described the details of its investigation and response to satisfy its pleading requirement as to the allegations of loss under the CFAA. The forensic search alone could have plausibly cost more than $5,000.

The defendants' contention that UMMC's CFAA claims are time-barred is unpersuasive. CFAA provides that "[n]o action may be brought under this subsection unless such action is begun within 2 years of the date of the act complained of or the date of the discovery of the damage." 18 U.S.C. § 1030(g). UMMC alleges that it became aware of the damage on or around July 2, 2018. *See* Docket Nos. 1 at 41; 1-30 at 4.  Because this suit was filed within two years of that date, it

appears to be timely. Whether UMMC discovered the damage on a different date is a question of fact that is better determined at a later stage of this lawsuit.

The defendants' argument to stay the proceedings under the *Colorado River* abstention doctrine is also unavailing. Under the doctrine, "at a minimum there must be a substantial likelihood the [state] suit 'will be an adequate vehicle for the complete and prompt resolution of the issues between the parties.'" *Ins. Safety Consultants LLC v. Nugent*, No. 3:15-CV-2183-B, 2017 WL 735460, at *4 (N.D. Tex. Feb. 24, 2017) (quoting *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 28 (1983)). "[T]he decision to invoke *Colorado River* necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case, whether it stays or dismisses." *Moses*, 460 U.S. at 28.

While both suits arise from the same set of facts, the federal complaint raises only federal claims, whereas the state complaint raises only state claims. The federal complaint also brings claims against defendants not named in the state suit. For these reasons, the state suit will not be an "adequate vehicle for the complete and prompt resolution of the issues between the parties." *Nugent*, 2017 WL 735460, at *4. "Regardless of the [state] suit's outcome, there will remain substantive work for the Court to do." *Id.*

For these reasons, the motion is denied. UMMC's motion for leave to file a supplemental response, Docket No. 79, is denied as moot.

**SO ORDERED**, this the 29th day of May, 2020.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE