IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| **UNIVERSITY OF MISSISSIPPI MEDICAL CENTER**, *Plaintiff*, <br><br> v. <br><br> **SPENCER K. SULLIVAN, M.D.; MISSISSIPPI CENTER FOR ADVANCED MEDICINE, P.C.; LINNEA MCMILLAN; and KATHRYN SUE STEVENS**, <br><br> *Defendants*. | CAUSE NO. 3:19-CV-459-CWR-LGI |

## ORDER

Before the Court is Mississippi Center for Advanced Medicine's ("MCAM") *Motion in Limine No. 7 to Exclude Evidence of the Bankruptcy Court's Claims Estimation Process and Order*. Docket No. 419. MCAM asks this Court to preclude the parties from presenting to the jury any evidence of the Bankruptcy Court's estimation process of UMMC's claim against MCAM, the proceeding, and the final Order estimating the value of UMMC's claim. Docket No. 421 at 3. It argues that such evidence is irrelevant, unfairly prejudicial, and hearsay.

UMMC agrees. Its only contention is that MCAM's request to exclude "all filings related to the UMMC claim estimation process" is non-specific, and thus should be denied. MCAM, rebuts that its request "necessarily includes filings related to or made during the UMMC claim estimation process." Docket No. 431 at 2. It specifies the filings include the "pre-hearing briefs and expert reports" submitted on the claim estimation issue." *Id.*

MCAM's *Motion in Limine No. 7* is granted as unopposed and as to the specific filings MCAM notes. *See, e.g., Kranz v. Koenig*, No. 06-3380 (PAM/JSM), 2008 WL 5482777, at *4 (D. Minn. June 9, 2008) ("Defendants seek to exclude evidence of [plaintiff's] bankruptcy, contending that it is irrelevant and prejudicial. Plaintiffs do not oppose[.] Thus, it is granted.").

**ACCORDINGLY,** the parties are precluded from presenting or referencing to the jury evidence of MCAM's bankruptcy, including the Bankruptcy Court's estimation of UMMC's claim, the claim estimation proceedings, and the Bankruptcy Court's final Order. This includes the pre-hearing briefs and expert reports the parties submitted to the Bankruptcy Court on the claim estimation issue. The parties shall ensure that their witnesses are apprised of this ruling and any of its other rulings that impact their testimony.

This does not preclude the parties from presenting such evidence to the Court for in camera review. Should any evidence related to MCAM's bankruptcy become relevant at trial, the parties are instructed to raise the matter outside the presence of the jury.

**SO ORDERED**, this the 23rd day of August, 2024.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE
