IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| **UNIVERSITY OF MISSISSIPPI MEDICAL CENTER**, <br><br> *Plaintiff,* <br><br> v. <br><br> **SPENCER K. SULLIVAN, M.D.; MISSISSIPPI CENTER FOR ADVANCED MEDICINE, P.C.; LINNEA MCMILLAN; and KATHRYN SUE STEVENS**, <br><br> *Defendants*. | CAUSE NO. 3:19-CV-459-CWR-LGI |

**ORDER**

Before the Court is Plaintiff's motion in limine to exclude portions of Mr. Justin Blok's expert[1] testimony and a letter submitted to patients regarding Defendant Spencer K. Sullivan, M.D.'s departure ("the Notice Letter") Docket No. 420. This matter is fully briefed and ready for adjudication. Upon review, Plaintiff's motion will be granted.

**I.   Background**

This case stems from a trade secret dispute between UMMC and Defendant Dr. Sullivan, a former employee of UMMC. The parties are familiar with allegations. They have fought in state court, this Court, and the bankruptcy court. They are now before this Court again, and the trial is imminent. The Court has resolved the issue of liability through its

---

[1] The Court previously declined Plaintiff's motion to exclude Mr. Blok based, in part, on his qualifications as an expert. Docket No. 332 at 7-9. The Court will continue to address the substance of the current motion as it lodges new challenges at the substance of Mr. Blok's purported testimony.

Order granting default judgment in favor of Plaintiff. Docket No. 273. Defendants worked hard to have that default judgment rendered against them. *See* Docket No. 331. Defendants are liable for the damages that naturally flow from their violation as established through the default judgment. *Id.*; Docket No. 364 at 2-3. The parties agree that the scope of damages is the only issue left to be tried. *See* Docket No. 422 at 1 and Docket No. 427 at 1.

The parties appeared before the bankruptcy court in February 2024 for a claims estimation hearing. *See* Docket No. 420-2. The bankruptcy judge issued an order following that hearing which recounted the evidence and this Court's findings and the rulings. Docket No. 420-1. Plaintiff now argues that Defendants' posture during the bankruptcy hearing shows that Defendants still wish to avoid this Court's previous rulings regarding liability and causation. Defendants argue that the disputed areas of evidence relate to damages causation; not liability.

**II.  Legal Standard**

> A motion in limine is a motion made prior to trial for the purpose of prohibiting opposing counsel from mentioning the existence of, or alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds.

*Cobb v. Associated Gen. Contractors of Miss. Inc.*, No. 3:20-CV-61-CWR-LGI, 2022 WL 277353, at *1 (S.D. Miss. Jan. 28, 2022) (citing *O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977)).

**III.     Analysis**

    **A.     Mr. Blok's Expert Testimony**

Plaintiff specifically moves to exclude "all of Mr. Blok's opinions and testimony that are based on the rejected causation standard and that ignore the effect of the default judgment and other irrelevant opinion[s] that touch upon liability." Docket No. 422 at 1.  UMMC argues that portions of Blok's report assumed Defendants were liable but did not correctly reflect the finding of liability established by this Court's Order granting default judgment.  *Id.* at 12.

Defendants respond that they have the right "to present evidence contesting what damages flow from the injuries pleaded." Docket No. 427 at 2. They also argue that Blok's testimony "is thus highly relevant to the extent he testifies that UMMC's expert did not establish 'causation as it relates to damages.'" *Id.* at 3. Defendants add Blok's relevant testimony includes "whether misappropriated trade secrets were legally available after a certain date, whether trade secrets were involved in certain patient interactions, the effect (if any) trade secrets had on Defendant MCAM's pharmacy operations, and the like." *Id.* at 3. Defendants also state that "Blok's damages calculations are based, in part, on when MCAM legally obtained access to the trade secret information through uView or patient release forms." *Id.* Accordingly, Defendants argue the Court should not preclude Blok from testifying as to the point at which Plaintiff's damages no longer naturally flow from Defendant's liability. *See id.* at 3-4.

UMMC's reply emphasizes that it does not seek to exclude Blok's entire testimony but only the portions unrelated to damages. Docket No. 430. Plaintiff specifically references areas including whether the misappropriated trade secrets were legally available after a certain date, whether trade secrets were involved in certain patient interactions, and the effect trade

3

secrets had on Defendant MCAM's pharmacy operations. Docket No. 430. UMMC argues that each of these categories relates to causation for liability and not damages calculations. *Id.* Plaintiff instead submits that the current relevant areas include testimony relating to "alleged overstatement of MCAM's gross profits, no analysis of MCAM's actual reported operating profits, no analysis of MCAM's clinic revenues or costs, or no analysis of certain pharmacy costs." Docket No. 430 at 2 (internal quotations omitted).

The Court grants Plaintiff's motion to exclude the challenged areas of Blok's testimony. In denying Defendants' motion for summary judgment, the Court held that the determination of the appropriate damages period was a task for the jury. Doc. 357 at 8. While Defendants can still present evidence relevant to the appropriate damages calculation period, Defendants have not shown how the challenged areas of Blok's testimony will help the jury determine the available damages in this matter. Accordingly, Mr. Blok shall be barred from testifying as to any area unrelated to determining the scope of damages in this matter. Defendants may not attempt to show alternative causes of liability or that Defendants violation had no effect on Plaintiff's operations.

### B. The Notice Letter

UMMC also seeks to exclude the Notice Letter. Docket No. 420. It submits "Defendants seek to utilize that letter to provide an alternative cause for why the patients went to MCAM. But the reason the patients went to MCAM has already been conclusively determined." Docket No. 422 at 19. Plaintiff argues the Court "should exclude evidence and testimony regarding the patient letter because it is irrelevant after the default judgment established causation and because such evidence would risk confusion of the issues by the jury." *Id.*

Defendants respond that the Court should allow the Notice Letter because "it affects the ultimate question of damages." Docket No. 427 at 4. Defendants add that the Notice Letter "goes directly to the question of whether UMMC has proven its damages." *Id.* Defendants further argue "case law supports the proposition that other causes—like the letter—can sever the casual link between misappropriation and damages." *Id.*

Plaintiff replies "[t]he only way to sever the causal link is to challenge the cause of the injury—something Defendants can no longer do." Docket No. 430 at 6.

The Court also grants Plaintiff's motion to exclude the Notice Letter. As the Court has repeatedly emphasized, the sole remaining issue is the scope of damages. Though Defendants submit the Notice Letter affects the ultimate question of damages, the Court does not see how this letter, which was created as a direct result of Defendant Dr. Sullivan's violation, is now relevant to the scope of available damages. Accordingly, Plaintiff's motion to exclude the Notice Letter is granted. The parties may not seek to introduce this letter or evidence relating to the process of its creation.

### IV. Conclusion

**ACCORDINGLY,** Plaintiff's motion in limine Docket No. 420 is granted.

**SO ORDERED**, this the 9th day of September, 2024.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE
