

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

| | |
|---|---|
| THE UNIVERSITY OF MISSISSIPPI MEDICAL CENTER | PLAINTIFF |
| VS. | CIVIL ACTION NO. 3:19-CV-00459-CWR-LGI |
| SPENCER K. SULLIVAN, M.D.; MISSISSIPPI CENTER FOR ADVANCED MEDICINE, P.C.; LINNEA MCMILLAN; and KATHRYN SUE STEVENS | DEFENDANTS |

### AGREED SETTLEMENT TERMS

Plaintiff University of Mississippi Medical Center and Defendants Spencer K. Sullivan, M.D., Kathryn Sue Stevens, Linnea McMillan, and Mississippi Center for Advanced Medicine, P.C., hereby agree to the following settlement terms:

1. Dr. Spencer Sullivan will relinquish his medical license in Mississippi on or before December 31, 2024. The parties agree this relinquishment shall be irrevocable, and that Dr. Sullivan shall not apply for re-licensure in Mississippi at any future time.

2. In the pending bankruptcy case involving the Mississippi Center for Advanced Medicine, P.C., a Mississippi corporation ("MCAM"), under Subchapter V of Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), *In re Mississippi Center for Advanced Medicine, P.C.*, SD MS 23-00962-JAW (the "Bankruptcy Case"), MCAM shall prepare and submit a Subchapter V Plan of Liquidation (the "Liquidating Plan") on or before October 31, 2024. MCAM voluntarily agrees to be removed as Debtor-in-Possession and on or before October 31, 2024, the Subchapter V Trustee shall be appointed as the operating trustee to prepare and implement the Liquidating Plan. Immediately upon removal of MCAM as debtor-in-possession, the sole signatory on all accounts maintained by MCAM shall be the Subchapter V Trustee and neither Dr. Sullivan nor any current employee of MCAM shall have any signatory authority over any such account. This settlement agreement shall be conclusive evidence of the agreement for MCAM and its personnel to be removed as a signatory on any and all accounts and its consent that the Subchapter V Trustee be added as the sole signatory on all accounts and all financial institution may rely upon this agreement to effectuate the transfer signatory authority for such accounts. MCAM personnel shall fully cooperate with the duly appointed Subchapter V Trustee to the extent required by the Bankruptcy Code. Each of Dr. Sullivan and MCAM agree and stipulate that the Agreed Final Judgment represents a debt of the kind specified in Section 523(a) of the Bankruptcy Code (including, specifically, but without limitation, Paragraphs (a)(2) and/or (a)(6) of Section 523), and the Agreed Final Judgment shall not be dischargeable

under Sections 523, 727, 1141, or 1192 of the Bankruptcy Code in any pending or subsequent bankruptcy case filed by either Dr. Sullivan or MCAM. In the event that Sullivan or MCAM becomes a debtor in a case under the Bankruptcy Code, each of Dr. Sullivan and MCAM agree that they will not contest the nondischargeability of the Agreed Final Judgment. In consideration of the mutual promises and covenants contained herein, MCAM and UMMC stipulate and agree to the definitive settlement terms and provisions herein pursuant to Federal Rule of Bankruptcy Procedure 9019 (the "<u>Agreed 9019 Order</u>") pursuant to the filing by MCAM and UMMC of a Joint Motion to Compromise and Settle pursuant to Federal Rule of Bankruptcy Procedure 9019 (the "<u>Joint 9019 Motion</u>"). Notwithstanding any provision herein to the contrary, UMMC shall be entitled to an allowed unsecured non-priority claim in the Bankruptcy Case in the amount of the Agreed Final Judgment as set forth in Paragraph 5 below, which shall be entitled to payment in accordance with the provisions of Section 726 of the Bankruptcy Code.

3. Effective immediately, MCAM and Dr. Sullivan will not accept any new patients who are residents of the State of Mississippi. All MCAM locations and operations in Mississippi will close and cease operations in accordance with the Plan of Liquidation to be prepared, filed, and implemented by the Subchapter V Trustee, but in no event later than December 31, 2024.

4. On or before December 31, 2024, Dr. Sullivan and MCAM shall each file a written notice with the Centers for Medicare and Medicaid Services (CMS), stating their intentions to terminate their respective Medicare Enrollment Applications to participate as providers with the Mississippi Medicare program and informing CMS of the official date their respective terminations are to take effect, which date shall not be more than thirty (30) days from the date their respective written notices of termination are submitted to CMS. Each of them shall also each file the applicable CMS -855I and CMS 855B form with the Medicare Administrative Contractor for Mississippi to request a voluntary deactivation of their respective Medicare billing privileges in Mississippi. Each of them shall also take all steps necessary to withdraw as providers for the Mississippi Medicaid program to include all Mississippi Medicaid Managed Care plans within ninety (90) days from the effective date of this Agreement. For avoidance of doubt, Dr. Sullivan and MCAM each promise that they will not bill either Medicare in any Mississippi location or Mississippi Division of Medicaid for services rendered to any Mississippi Medicare or Mississippi Medicaid beneficiary on or after December 31, 2024. Defendants shall not reactivate billing privileges for either the Mississippi Medicare program or the Mississippi Medicaid program after their respective terminations are approved by the Medicare Administrative Contractor for Mississippi and/or the Mississippi Division of Medicaid, as applicable, and Dr. Sullivan shall report the voluntary surrender of his Mississippi medical license on his Medicare enrollment form.

5. Within thirty (30) days following execution of the parties' settlement agreement, Dr. Sullivan will inform all existing patients via written correspondence developed with, and agreed to by, UMMC, that Dr. Sullivan will no longer practice medicine in the

State of Mississippi and that MCAM will likewise be closing pursuant to a Plan of Liquidation to be approved by the Bankruptcy Court, but in no event later than December 21, 2024. The correspondence shall indicate that UMMC is the institution in Mississippi that can best meet the patients' medical care and pharmacy needs, and shall offer to transfer the patients' records to the provider of their choice. UMMC will be provided copies of each such letter. In no instance shall patient choice be abridged, and each patient shall be free to choose the healthcare provider of his or her choice.

6. The Parties shall enter an Agreed Final Judgment establishing liability of Dr. Sullivan and MCAM in the amount of $28,323,336. The Agreed Final Judgment shall take the place of the Default Judgment previously entered. The Agreed Final Judgment shall reflect that it is nondischargeable in bankruptcy, as provided in Paragraph 2 above.

7. Subject only to Paragraph 2 above, UMMC shall agree not to seek to enforce the Agreed Final Judgment perpetually, subject to the further proviso that in the event Dr. Sullivan and/or MCAM breach any term of the settlement agreement to be executed by the Parties, then the above-referenced Agreed Final Judgment shall be fully enforceable at all times after any such breach without any further act on the part of UMMC. In addition, any action taken by Dr. Sullivan and/or MCAM to have any portion of the settlement agreement declared unenforceable by a Court shall render the Agreed Final Judgment fully enforceable without further act on the part of UMMC.

8. Dr. Sullivan shall retain the right to seek to maintain or secure a license for medical practice in any State other than Mississippi. Provided, however, Dr. Sullivan shall be prohibited now, and at any time in the future, from establishing a physician-patient relationship with any person who is a resident of the State of Mississippi, and Dr. Sullivan shall not derive any income from the practice of medicine by himself or any third-party involving any patient who resides in the State of Mississippi, or from the operation of any medical facility or pharmacy in the State of Mississippi, or from the sale or dispensing of drugs or pharmaceutical products to any resident of the State of Mississippi. However, nothing in this paragraph shall preclude Dr. Sullivan from providing care to any patient in an unexpected, life-threatening medical emergency.

9. Because UMMC is a public entity subject to the Public Records Act, the settlement cannot be confidential. However, UMMC will agree not to issue a press release or any other public statement regarding the settlement, the Agreed Final Judgment, and/or the Default Judgment. The Parties agree that UMMC shall have the right to respond truthfully to any and all inquiries regarding any and all facts set forth in UMMC's Complaint as established by the Agreed Final Judgment and/or the Default Judgment. In addition, UMMC shall have the right to inform its workforce, non-publicly, regarding the Agreed Final Judgment and the Default Judgment and the facts established thereby.

10. Dr. Sullivan and MCAM agree that neither of them shall ever in the future disparage UMMC in any way, publicly or privately, to any persons, private entities, or public agencies or institutions. UMMC cannot enter into a non-disparagement agreement but, similar to what is stated in Paragraph 8, UMMC will agree to not issue any press release via any social or other media concerning this action, the settlement of it, the Agreed Final Judgment, and/or the claims and defenses asserted herein.

11. The Parties shall execute a formal settlement agreement consistent with the above terms and to include full and mutual releases of any and all claims they may have, whether matured or contingent, whether at law or in equity, whether in contract or in tort and whether known or unknown, arising in whole or in part at any time from the beginning of time through the date the settlement agreement is executed. This mutual release shall include Dr. Spencer Sullivan, Dr. Nina Washington, Kathryn Sue Stevens, Linnea McMillan, MCAM, and UMMC.

12. This District Court shall retain jurisdiction over the parties and subject matter of this action to enforce this settlement.

Hereto agreed on this 18th day of October, 2024:

University of Mississippi Medical Center

_____
By William Smith, General Counsel

Mississippi Center for Advanced Medicine, P.C.

_____
By Spencer K. Sullivan, M.D., President

_____
Spencer K. Sullivan, M.D.

_____
Kathryn Sue Stevens

_____
Linnea McMillan

_____
Nina Washington, M.D. (signed Melissa Posten, on behalf of Nina Washington)

Presented by:

Phil B. Abernethy, MSB 1023
Paul N. Davis, MSB 8638
Orlando R. Richmond, Sr., MSB 9885
Benjamin M. Watson, MSB 100078
Robert V. Greenlee, MSB 100638
Caroline B. Smith, MSB 105501
BUTLER SNOW LLP
1020 Highland Colony Parkway, Suite 1400
Ridgeland, Mississippi 39157

Katelyn R. Ashton, *pro hac vice*
BUTLER SNOW LLP
6075 Poplar Ave., Suite 500
Memphis, Tennessee 38119

Melvin V. Priester, Jr., Esq. (MSB No. 102855)
E. Charlene Stimley Priester, Esq. (MSB No. 4508)
PRIESTER LAW FIRM, PLLC
5375 Executive Place
Jackson, Mississippi 39206

Samuel C. Kelly (Miss. Bar No. 7496)
Sheldon G. Alston (Miss. Bar No. 9784)
BRUNINI, GRANTHAM, GROWER & HEWES, PLLC
190 East Capitol Street, Suite 100
Jackson, Mississippi 39201

Eric Todd Presnell, *pro hac vice*
Casey L. Miller, *pro hac vice*
BRADLEY ARANT BOULT CUMMINGS LLP 1600
Division Street, Suite 700
Nashville, Tennessee 37203