# SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE ("Agreement") is effective as of October 18, 2024, by and between The University of Mississippi Medical Center ("UMMC") and Spencer K. Sullivan, M.D. ("Sullivan"), Mississippi Center for Advanced Medicine, P.C. ("MCAM"), Linnea McMillan ("McMillan"), Kathryn Sue Stevens ("Stevens"), Nina Washington, M.D. ("Washington") (collectively "Defendants" and, together with UMMC, the "Parties").

## RECITALS

**WHEREAS,** on July 14, 2017, UMMC sued Sullivan, Washington, and MCAM in the Hinds County, Mississippi Circuit Court, Cause No. 17-140, asserting claims for breach of contract, bad faith breach of contract, tortious breach of contract, tortious interference with contract, tortious interference with business advantage, civil conspiracy, and declaratory judgment; UMMC later filed its First Amended Complaint to add claims for breach of the duty of loyalty, misappropriation of trade secrets pursuant to the Mississippi Uniform Trade Secrets Act, Miss. Code Ann. § 75-26-1 *et seq.*, conversion, and violation of the Mississippi Ethics in Government Act, Miss. Code Ann. § 25-4-105, (the "State Court Claims");

**WHEREAS,** in the State Court Action, Sullivan, Washington, and MCAM asserted counterclaims against UMMC for breach of contract, declaratory judgment, and tortious interference with business relations and prospective advantage, (the "State Court Counterclaims"), and, with the State Court Claims, the "State Court Action."

**WHEREAS,** on June 29, 2019, UMMC initiated an action in the United States District Court for the Southern District of Mississippi, Cause No. 3:19-cv-459, against MCAM, Sullivan,

1

90718287.v1

McMillan, and Stevens, asserting claims for, *inter alia*, trade secret misappropriation under the Defend Trade Secrets Act (the "Federal Action");

**WHEREAS**, MCAM initiated a bankruptcy action on April 23, 2023 in the United States Bankruptcy Court for the Southern District of Mississippi (the "Bankruptcy Court"), being In re Mississippi Center for Advanced Medicine, P.C., SD MS 23-00962-JAW, (the "Bankruptcy Action") and UMMC filed certain claims and adversarial causes of action in the Bankruptcy Action including Adv. Proc. No. 23-00020 (the "Adversary Proceeding");

**WHEREAS,** the Federal Action was set for trial to determine damages, beginning on Friday, October 18, 2024; and

**WHEREAS,** the Parties announced to the Court in the Federal Action that all claims in both Federal and State Court had been settled and resolved.

**NOW THEREFORE,** for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

## I.

## AGREEMENTS

A.  **Release of Claims.**  For and in consideration of the amounts, terms and conditions stated herein, the terms and sufficiency of which are hereby agreed to and acknowledged by the Parties, subject only to paragraphs IB. and IIE., below, UMMC hereby releases and forever discharges the Sullivan, MCAM, McMillan, Stevens, and Washington, individually and collectively, their insurers, heirs, officers, directors, agents, employees, representatives, assigns, owners, stockholders, servants, dealers, distributors, successors, subsidiaries and affiliates ("Released Defendant Parties"), and all other persons, firms or corporations liable or who might be claimed to be liable in any manner, from any and all claims, injuries, demands, damages,

actions, causes of action or suits of any kind or nature whatsoever, both known and unknown, matured or contingent, at law or in equity, including, but not limited to, claims and causes of action that were or could have been asserted in the State Court Action or the Federal Action, (collectively the "Actions").

For and in consideration of the amounts, terms and conditions stated herein, the terms and sufficiency of which are hereby agreed to and acknowledged by the Parties, subject only to paragraph IB., below, Sullivan, MCAM, McMillan, Stevens and Washington, individually and collectively, hereby release and forever discharge UMMC, its insurers, officers, directors, agents, employees, representatives, assigns, owners, servants, dealers, distributors, successors, subsidiaries and affiliates ("Released UMMC Parties"), and all other persons, firms or corporations liable or who might be claimed to be liable in any manner, from any and all claims, injuries, demands, damages, actions, causes of action or suits of any kind or nature whatsoever, both known and unknown, matured or contingent, at law or in equity, including, but not limited to, claims and causes of action that were or could have been asserted in any of the Actions or the Bankruptcy Action.

B. **Enforcement of Agreement.** Notwithstanding any provision to the contrary, the Parties expressly reserve the right to enforce any provision of this Agreement by asserting a claim for its enforcement against any Party in default of this Agreement. Any such enforcement action shall be brought in the Federal Action wherein the Court has retained jurisdiction to enforce this Agreement. In any action or proceeding arising out of or relating to enforcement of this Agreement whether in contract, tort, or otherwise, the prevailing party shall be entitled to recover its reasonable attorneys' fees and other costs and expenses reasonably incurred, in addition to any

90718287.v1

other relief to which it may be entitled. However, each party shall bear all of the attorney's fees of its own counsel incurred in connection with the drafting of this Agreement.

## II.

## OBLIGATIONS OF SETTLEMENT

In full and complete settlement of all claims that were or could have been asserted in the Actions, and as consideration for the Releases and other agreements contained herein, the Parties agree as follows:

A. **Surrender of Medical License and Prohibition Against Practicing in Mississippi.** Sullivan shall relinquish his medical license with the State of Mississippi on or before December 31, 2024. This relinquishment shall be irrevocable, and Sullivan shall not, under any circumstance, apply for reinstatement of his medical license in Mississippi during his lifetime. Sullivan shall retain the right to seek to maintain or secure a license for medical practice in any State other than Mississippi. Provided, however, Sullivan shall be prohibited now, and at any time in the future, from establishing a physician-patient relationship with any person who is a resident of the State of Mississippi, and Sullivan shall not derive any income from the practice of medicine by himself or any third-party involving any patient who resides in the State of Mississippi, or from the operation of any medical facility or pharmacy in the State of Mississippi, or from the sale or dispensing of drugs or pharmaceutical products to any resident of the State of Mississippi. However, nothing in this paragraph shall preclude Sullivan from providing care to any patient in an unexpected, life-threatening medical emergency.

B. **Closure of MCAM.** Effective immediately, neither MCAM nor Sullivan shall accept any new patients who are residents of the State of Mississippi. All MCAM locations and operations in Mississippi will close and cease operations in accordance with the Plan of Liquidation (as

hereinafter defined in Paragraph C. of this Section II) to be prepared and filed by the debtor, and implemented by the Subchapter V Trustee, but in no event later than December 31, 2024.

C. **Conversion of Bankruptcy Proceeding and Liquidation Plan.** In the pending Bankruptcy Proceeding under Subchapter V of Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), *In re Mississippi Center for Advanced Medicine, P.C.*, SD MS 23-00962-JAW, MCAM shall prepare and submit a Subchapter V Plan of Liquidation (the "Liquidation Plan") on or before October 31, 2024.

MCAM voluntarily agrees to be removed as Debtor-in-Possession and on or before October 31, 2024, the Subchapter V Trustee shall be appointed as the operating trustee to implement the Liquidation Plan. Immediately upon removal of MCAM as debtor-in-possession, the sole signatory on all accounts maintained by MCAM shall be the Subchapter V Trustee and neither Sullivan nor any current employee of MCAM shall have any signatory authority over any such account. This Agreement shall be conclusive evidence of the agreement for MCAM and its personnel to be removed as a signatory on any and all accounts and its consent that the Subchapter V Trustee be added as the sole signatory on all accounts and all financial institutions may rely upon this agreement to effectuate the transfer of signatory authority for such accounts. MCAM personnel shall fully cooperate with the duly appointed Subchapter V Trustee to the extent required by the Bankruptcy Code.

Sullivan and MCAM each agree and stipulate that the Agreed Final Judgment (hereinafter defined in Paragraph E.) represents a debt of the kind specified in Section 523(a) of the Bankruptcy Code (including, specifically, but without limitation, Paragraphs (a)(2) and/or (a)(6) of Section 523), and the Agreed Final Judgment shall not be dischargeable under Sections 523, 727, 1141, or 1192 of the Bankruptcy Code in any pending or subsequent bankruptcy case filed by either

5

Sullivan or MCAM. In the event that Sullivan or MCAM becomes a debtor in a case under the Bankruptcy Code, Sullivan and MCAM each agree that they will not contest the nondischargeability of the Agreed Final Judgment and UMMC and MCAM shall submit an agreed order in the Adversary Proceeding finding the debt to UMMC to be nondischargeable. The Parties shall submit the agreed order in the Adversary Proceeding within three (3) business days following the order approving this Settlement Agreement becoming a final order.

In consideration of the mutual promises and covenants contained herein, MCAM and UMMC stipulate and agree to the definitive settlement terms and provisions herein pursuant to Federal Rule of Bankruptcy Procedure 9019 (the "Agreed 9019 Order") pursuant to the filing by MCAM and UMMC of a Joint Motion to Compromise and Settle pursuant to Federal Rule of Bankruptcy Procedure 9019 (the "Joint 9019 Motion").

Notwithstanding any provision herein to the contrary, UMMC shall be entitled to an allowed unsecured non-priority claim in the Bankruptcy Proceeding in the amount of the Agreed Final Judgment as set forth in Paragraph E. below.

D. **Centers for Medicare and Medicaid Services.** On or before December 31, 2024 Sullivan and MCAM shall each file a written notice with the Centers for Medicare and Medicaid Services ("CMS"), stating their intentions to terminate their respective Medicare Enrollment Applications to participate as providers with the Mississippi Medicare program and informing CMS of the official date their respective terminations are to take effect, which date shall not be more than thirty (30) days from the date their respective written notices of termination are submitted to CMS. Each of them shall also each file the applicable CMS 855I and CMS 855B form with the Medicare Administrative Contractor for Mississippi to request a voluntary deactivation of their respective Medicare billing privileges in Mississippi. Each of them shall also take all steps necessary to

withdraw as providers for the Mississippi Medicaid program to include all Mississippi Medicaid Managed Care plans within ninety (90) days from the effective date of this Agreement. For avoidance of doubt, Sullivan and MCAM each promise that they will not bill either Medicare in any Mississippi location or Mississippi Division of Medicaid for services rendered to any Mississippi Medicare or Mississippi Medicaid beneficiary on or after December 31, 2024. Defendants shall not reactivate billing privileges for either the Mississippi Medicare program or the Mississippi Medicaid program after their respective terminations are approved by the Medicare Administrative Contractor for Mississippi and/or the Mississippi Division of Medicaid, as applicable, and Sullivan shall report the voluntary surrender of his Mississippi medical license on his Medicare enrollment form.

E. **Agreed Final Judgment.** The Parties shall enter an Agreed Final Judgment establishing liability of Sullivan and MCAM in the amount of $28,323,336. The Agreed Final Judgment shall take the place of the Default Judgment previously entered. The Agreed Final Judgment shall reflect that it is nondischargeable in bankruptcy, as provided in Paragraph C. above. In the event that Sullivan or MCAM become a debtor in a case under the Bankruptcy Code, each agrees that he or it will not contest the nondischargeability of the Agreed Final Judgment. It is expressly agreed that this Agreed Final Judgment shall survive execution of this Settlement Agreement and Release and shall not be discharged or released by virtue of this Settlement Agreement and Release. The Parties shall submit the Agreed Final Judgment to the Court on or before November 1, 2024.

F. **Enforcement of Agreed Final Judgment.** Subject only to Paragraph C above, UMMC agrees not to enforce the Agreed Final Judgment perpetually, subject to the further condition that in the event Dr. Sullivan and/or MCAM breach any term of this Settlement Agreement and Release, then the Agreed Final Judgment shall be fully enforceable at all times after any such

breach without any further act on the part of UMMC. In addition, any action taken by Dr. Sullivan and/or MCAM to have any portion of the settlement agreement declared unenforceable by a Court shall render the Agreed Final Judgment fully enforceable without further act on the part of UMMC.

G. **Notification to MCAM's Patients.** Within thirty (30) days following execution of the parties' settlement agreement, Dr. Sullivan will inform all existing patients via written correspondence developed with, and agreed to by, UMMC, that Dr. Sullivan will no longer practice medicine in the State of Mississippi and that MCAM will likewise be closing pursuant to a Plan of Liquidation to be approved by the Bankruptcy Court, but in no event later than December 21, 2024. The correspondence shall indicate that UMMC is the institution in Mississippi that can best meet the patients' medical care and pharmacy needs, and shall offer to transfer the patients' records to the provider of their choice. UMMC will be provided copies of each such letter. In no instance shall patient choice be abridged, and each patient shall be free to choose the healthcare provider of his or her choice.

H. **Dismissal of Actions.** Upon entry of the Agreed Final Judgment, the Parties agree to cooperate and take such additional actions as are reasonably necessary to dismiss the Actions, subject to the Court retaining jurisdiction in the Federal Action to enforce this Agreement.

I. **Confidentiality.** Because UMMC is a public entity subject to the Public Records Act, the settlement cannot be confidential. However, UMMC will agree not to issue a press release or any other public statement regarding the settlement, the Agreed Final Judgment, and/or the Default Judgment. The Parties agree that UMMC shall have the right to respond truthfully to any and all inquiries regarding any and all facts set forth in UMMC's Complaint as established by the Agreed Final Judgment and/or the Default Judgment. In addition, UMMC shall have the right to inform

its workforce, non-publicly, regarding the Agreed Final Judgment and the Default Judgment and the facts established thereby.

J. **Non-Disparagement.** Sullivan and MCAM agree that neither of them shall ever in the future disparage UMMC in any way, publicly or privately, to any persons, private entities, or public agencies or institutions. UMMC cannot enter into a non-disparagement agreement but, UMMC will agree to not issue any press release via any social or other media concerning the Actions, the settlement of them, the Agreed Final Judgment, and/or the claims and defenses asserted herein.

K. **Costs and Expenses.** Except as set forth above, each of the Parties shall bear its own attorneys' fees, expenses, and costs incurred or expended in connection with the drafting of this Agreement and the matters contemplated or referred to herein.

L. **Taxes.** Each of the Parties shall be solely responsible for any tax consequences to such Party arising out of or related to this Agreement.

### III.

### MISCELLANEOUS

A. **Consideration Acknowledged.** The Parties each acknowledge that: (1) this Agreement constitutes a complete accord and satisfaction of all claims, counterclaims, third-party claims, demands or causes of action addressed herein; and (2) the covenants contained in this Agreement provide good and sufficient consideration for every promise, duty, release, obligation, agreement, transfer, conveyance, and right contained in this Agreement.

B. **Authority to Execute this Settlement Agreement.** Sullivan warrants that he has the full power, authority and legal right to execute, deliver and perform the terms of this Agreement as it pertains to him personally and that there is no other person, entity or court whose consent is

necessary to make this Agreement fully effective. MCAM's authority to execute, deliver, and perform the terms of this Agreement is subject to approval of the Bankruptcy Court in the Bankruptcy Action. Upon approval by the Bankruptcy Court, this Agreement shall constitute a valid and binding obligation of the respective parties hereto and is enforceable in accordance with its terms. Each of Sullivan and MCAM, both for themselves and each of their respective affiliates, covenant and agree that they shall not undertake any action, support any action, or cause any action to occur that would reasonably be expected to impair or impede the approval by the Bankruptcy Court or the effectiveness of the settlements set forth herein and that they fully support approval of the settlements set forth herein and shall take such actions as may be necessary to obtain approval of the settlements set forth herein by the Bankruptcy Court.

C. **Successors and Assignment.** This Agreement shall be binding upon and inure to the benefit of each of the Parties' respective heirs, executors, administrators, representatives, parents, subsidiaries, affiliates, predecessors, successors, and assigns. The Parties represent and warrant that no portion of any claim, right, action, or cause of action arising from or relating to the Actions or any portion of any recovery or settlement to which the Parties may be entitled has been assigned by or for them in any manner.

D. **Number and Gender of Words.** Whenever herein the singular number is used, the same shall include the plural where appropriate, and words of any gender shall include each other gender where appropriate.

E. **Entirety and Amendments.** This instrument embodies the entire agreement among the Parties as to the subjects covered herein, and may be amended only by an instrument in writing executed jointly by the Parties and supplemented only by documents fully executed by the Parties and delivered in accordance with the express terms hereof. The Parties have exercised independent

90718287.v1

judgment in determining to enter into this Agreement and have not relied on any representations or agreements, whether oral or written, that are not embodied herein. Finally, the Parties have consulted with legal counsel of their own choosing who have explained the meaning, duties, and obligations of this Agreement.

F. **Counterparts; Delivery By Facsimile Transmission or E-Mail.** This Agreement may be executed in several counterparts, and each counterpart, when so executed and delivered, shall constitute an original instrument, and all such separate counterparts shall constitute but one and the same instrument. The method of delivery of this Agreement may be by means of facsimile transmission or e-mail, and delivery of such a facsimile transmission or e-mail shall be deemed an original for purposes hereof, provided that each party so delivering a facsimile transmission or e-mail shall promptly thereafter deliver the original version thereof.

G. **Further Assurances.** The Parties agree that upon the request of any one of them, they will execute and deliver such further documents and undertake such further action as may reasonably be required to affect any of the agreements and covenants contained in this Agreement.

H. **Severability.** In case any one or more provisions or portions hereof is determined to be invalid, illegal or unenforceable in any respect, the validity, legality and enforceability of the remaining provisions contained herein shall not in any way be affected or impaired thereby.

I. **Choice of Law.** The validity, enforceability, interpretation and construction of this Agreement and the transactions contemplated hereby shall be construed in accordance with and governed by the laws of the State of Mississippi, without giving effect to principles thereof relating to conflicts of law.

J. **Final Agreement.** This written agreement represents the Final Agreement between the Parties and may not be contradicted by evidence of prior, contemporaneous, or subsequent oral

agreements of the parties. There are no unwritten oral agreements between the Parties. The Parties acknowledge that they have read the Agreement and that they are not relying on any representations of the other party that are not contained in this Agreement of the parties hereto in the decision to enter into the Agreement.

K. **Headings.** The paragraph headings used herein are for descriptive purposes only. These headings have no substantive meaning and the terms of the Agreement shall not be affected by such headings.

L. **Construction.** Each party to this Agreement has participated in its drafting, and the Agreement shall not be construed against any party by reason thereof.

**THE UNDERSIGNED HAVE READ THE FOREGOING SETTLEMENT AGREEMENT AND RELEASE AND FULLY UNDERSTAND IT AND AGREE TO ITS TERMS:**

The University of Mississippi Medical Center

By: *LWoodward*      Nov. 12, 2024
Dr. LouAnn Woodward, Vice Chancellor    Date

Mississippi Center for Advanced Medicine, P.C.

By: _____    _____
Spencer K. Sullivan, M.D., President      Date

Spencer K. Sullivan, M.D., Individually

By: _____    _____
Spencer K. Sullivan, M.D.      Date

Kathryn Sue Stevens, Individually

By: _____    _____
Kathryn Sue Stevens      Date

agreements of the parties. There are no unwritten oral agreements between the Parties. The Parties acknowledge that they have read the Agreement and that they are not relying on any representations of the other party that are not contained in this Agreement of the parties hereto in the decision to enter into the Agreement.

K. **Headings.** The paragraph headings used herein are for descriptive purposes only. These headings have no substantive meaning and the terms of the Agreement shall not be affected by such headings.

L. **Construction.** Each party to this Agreement has participated in its drafting, and the Agreement shall not be construed against any party by reason thereof.

THE UNDERSIGNED HAVE READ THE FOREGOING SETTLEMENT AGREEMENT AND RELEASE AND FULLY UNDERSTAND IT AND AGREE TO ITS TERMS:

**The University of Mississippi Medical Center**

By: _____     Date: _____
     Dr. LouAnn Woodward, Vice Chancellor

**Mississippi Center for Advanced Medicine, P.C.**

By: _____[signature]_____     Date: 11/9/24
     Spencer K. Sullivan, M.D., President

**Spencer K. Sullivan, M.D., Individually**

By: _____[signature]_____     Date: 11/9/24
     Spencer K. Sullivan, M.D.

**Kathryn Sue Stevens, Individually**

By: _____     Date: _____
     Kathryn Sue Stevens

agreements of the parties. There are no unwritten oral agreements between the Parties. The Parties acknowledge that they have read the Agreement and that they are not relying on any representations of the other party that are not contained in this Agreement of the parties hereto in the decision to enter into the Agreement.

K. **Headings.** The paragraph headings used herein are for descriptive purposes only. These headings have no substantive meaning and the terms of the Agreement shall not be affected by such headings.

L. **Construction.** Each party to this Agreement has participated in its drafting, and the Agreement shall not be construed against any party by reason thereof.

THE UNDERSIGNED HAVE READ THE FOREGOING SETTLEMENT AGREEMENT AND RELEASE AND FULLY UNDERSTAND IT AND AGREE TO ITS TERMS:

The University of Mississippi Medical Center

By: _____    _____
Dr. LouAnn Woodward, Vice Chancellor    Date

Mississippi Center for Advanced Medicine, P.C.

By: _____    _____
Spencer K. Sullivan, M.D., President    Date

Spencer K. Sullivan, M.D., Individually

By: _____    _____
Spencer K. Sullivan, M.D.    Date

Kathryn Sue Stevens, Individually

By: _Kathryn Sue Stevens_ (signature)    _11/8/24_
Kathryn Sue Stevens    Date

12

90718287.v1

Linnea McMillan, Individually

By: *[signature]* Linnea McMillan      Date: 11/11/2024

Nina Washington, M.D., Individually

By: Nina Washington, M.D.      Date:

90718287.v1

**Linnea McMillan, Individually**

By: _____    Date _____
     **Linnea McMillan**

**Nina Washington, M.D., Individually**

By: _____*[signature]*_____    Date __11/11/24__
     **Nina Washington, M.D.**